NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
DENNISE D. WILLETT (Cal. Bar No. 173491)
Assistant United States Attorney
Terrorism and Export Crimes Section
United States Courthouse
411 West Fourth Street, Suite 8000
Santa Ana, California 92701
Telephone: (714) 338-3540
Facsimile: (714) 338-2708
E-mail: Dennise.Willett@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AHMED BINYAMIN ALASIRI,<br>aka “Kevin Lamar James,”<br><br>Defendant. | No. SA CR 20-118-CJC<br><br>STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, PRIVACY ACT INFORMATION, UNDERCOVER EMPLOYEE INFORMATION, AND CONFIDENTIAL INFORMANT INFORMATION<br><br>PROPOSED ORDER FILED SEPARATELY |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Dennise D. Willett, and defendant AHMED BINYAMIN ALASIRI, also known as (“aka”) Kevin Lamar James (“defendant”), by and through his counsel of record, defense attorney Kelley Lane Munoz (collectively the “parties”), for the reasons set forth below, request that the Court enter the proposed protective order (the “Protective Order”) governing the use

and dissemination of (1) personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), (2) material that may contain information within the scope of the Privacy Act, (3) information related to an undercover employee, and (4) information related to confidential informants and/or cooperating witnesses who may testify at trial.

Introduction and Grounds for Protective Order

1. Defendant is charged in this matter with violations of Title 21, United States Code Section 841(a)(1), (b)(1)(A)(viii), Distribution of Methamphetamine. Defendant is detained pending trial.

2. A protective order is necessary because the government intends to produce to the defense materials regarding an undercover employee ("UCE") and confidential informants or cooperating witnesses who participated in the government's investigation and who may testify at trial. Because these materials could be used to identify the UCE, confidential informants or cooperating witnesses, the government believes that the unauthorized dissemination or distribution of the materials may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and/or may expose him/her to potential safety risks.

3. A protective order is also necessary because the government intends to produce to the defense materials containing third parties' PII. The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. Because the government has an ongoing obligation to protect third parties' PII, the government

cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order. Moreover, PII makes up a portion of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

4. An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information"). To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

5. The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

Definitions

6. The parties agree to the following definitions:

a. "UCE Materials" include any information related to a UCE's former or current history as a UCE, former or current employment, other investigations worked by the UCE, aliases and

cover identities used by the UCE, or any other information that could be used to identify the UCE or his cover identities, such as name, image, voice, address, date of birth, or unique personal identification number, such as Social Security number, driver's license number, account number, or telephone number.

b. "CI Materials" include any information relating to a confidential informant's or cooperating witness's prior history of cooperation with law enforcement, prior criminal history, prior statements, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.

c. "PII Materials" include any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

d. "Confidential Information" refers to any document or information containing UCE Materials, CI Materials, PII Materials, or Privacy Act Materials, that the government produces to the defense pursuant to this Protective Order and any copies thereof.

e. "Designated Federal Public Defender's Office Staff" includes: (1) a specific paralegal employed by the Federal Public Defender's Office who is considered an employee of the federal government, subject to rules and regulations pertaining to federal employees; and (2) a specific investigator employed by the Federal Public Defender's Office who is considered an employee of the federal government, subject to rules and regulations pertaining to

federal employees. This does not include contract paralegals or investigators, any members of defendant's family, or any other associates of the defendant who may be employed by the Federal Public Defender's Office.

f. "Defense Team" includes: (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's office who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case. The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

Terms of the Protective Order

7. The parties jointly request the Court enter the Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties. The parties agree that the following conditions in the Protective Order will serve these interests:

a. The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER." The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder. The government may also redact any PII contained in the production of Confidential Information.

b. If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer. If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

c. Defendant and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

d. The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

e. Notwithstanding the paragraph above, defendant may see and review UCE Materials and CI Materials only in the presence of defense counsel or Designated Federal Public Defender's Office Staff, and defense counsel or Designated Federal Public Defender's Office Staff shall ensure that defendant is never left alone with any UCE or CI Materials. At the conclusion of any meeting with defendant at which defendant is permitted to view UCE Materials and CI Materials, defendant must return any UCE Materials and CI Materials to defense counsel or Designated Federal Public Defender's Office Staff, who shall take all such materials with counsel. Defendant may not take any UCE Materials or CI Materials out of the room in which defendant is meeting with defense counsel or Designated Federal Public Defender's Office Staff. At no time, under no circumstance, will any Confidential Information be left in

the possession, custody, or control of defendant, regardless of defendant's custody status.

f. Defendant may review PII Materials and Privacy Act Materials only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with any PII Materials or Privacy Act Materials. At the conclusion of any meeting with defendant at which defendant is permitted to view PII Materials or Privacy Act Materials, defendant must return any PII Materials or Privacy Act Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her. Defendant may not take any PII Materials or Privacy Act Materials out of the room in which defendant is meeting with the Defense Team.

g. Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time. Defendant also may not write down or memorialize any data or information contained in the Confidential Information.

h. The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant. Defense counsel or Designated Federal Public Defender's Office Staff must be present whenever any UCE or CI Materials are being shown to a witness or potential witness. A member of the Defense Team must be present if PII Materials or Privacy Act Materials are being shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in

writing to be bound by, the requirements of the Protective Order. No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

i. The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence. UCE Materials and CI Materials shall not be left unattended in any vehicle.

j. To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

k. The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court

filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact any UCE Materials, CI Materials, PII Materials, or Privacy Act Materials and make all reasonable attempts to limit the divulging of UCE Materials, CI Materials, PII Materials, or Privacy Act Materials.

l. The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order. If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked “CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER,” the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

m. The parties agree that if any Confidential Information contains either UCE Materials or CI Materials, and another category of Confidential Information, the information shall be handled in accordance with the UCE Materials and CI Materials provisions of the Protective Order.

n. Confidential Information shall not be used by the defendant or Defense Team, in any way, in any other matter, absent an order by this Court. All materials designated subject to the Protective Order maintained in the Defense Team’s files shall remain

subject to the Protective Order unless and until such order is modified by this Court. Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return UCE Materials and CI Materials to the government or certify that such materials have been destroyed. Upon request by the government, within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all PII Materials or Privacy Act Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

o. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for: (1) returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials and Privacy Act Materials; and (2) returning to the government or certifying the destruction of all UCE Materials and CI Materials.

p. Defense counsel agrees to advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

q. Defense Counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

r. Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: September 28, 2020

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

/s/
DENNISE D. WILLETT
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: September 30, 2020

/s/ per email authorization
KELLEY LANE MUNOZ
Attorney for Defendant
AHMED BINYAMIN ALASIRI