E. MARTIN ESTRADA
United States Attorney
CAMERON SCHROEDER
Assistant United States Attorney
Chief, National Security Division
DENNISE D. WILLETT (Cal. Bar No. 173491)
Assistant United States Attorney
Terrorism and Export Crimes Section
UNITED STATES COURTHOUSE
411 WEST FOURTH STREET, SUITE 8000
SANTA ANA, CALIFORNIA 92701
Telephone: (714) 338-3540
Facsimile: (714) 338-3708
E-mail: Dennise.Willett@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>AHMED BINYAMIN ALASIRI,<br>aka Kevin Lamar James,<br><br>Defendant/Petitioner. | No. SA CR 20-00118(A)-CJC<br><br>GOVERNMENT'S RESPONSE AND MOTION TO DISMISS DEFENDANT'S PETITION FOR EQUITABLE TOLLING OF 28 U.S.C. § 2255(F)(1) |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Dennise D. Willett, hereby files its response to defendant Ahmed Binyamin Alasiri's request to equitably toll the one-year deadline articulated in 28 U.S.C. § 2255(f)(1) and moves the Court to dismiss the petition.

///

///

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 11, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

CAMERON SCHROEDER
Assistant United States Attorney
Chief, National Security Division

/s/
DENNISE D. WILLETT
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Ahmed Binyamin Alasiri ("Alasiri") is a federal prisoner proceeding pro se. On October 19, 2021, he pleaded guilty to Count three of the first superseding indictment charging him with 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). (Dkt. 49.) On March 28, 2022, he was sentenced to 188 months imprisonment to run concurrently with 24 months imprisonment on a supervised release violation. (Dkt. 62.) The same day, March 28, 2022, the judgment and commitment were entered. (Dkt. 63.) Alasiri did not file a notice of appeal. On June 26, 2023, Alasiri mailed the instant petition requesting equitable tolling of the one-year limitation for the filing of a petition under 28 U.S.C. § 2255. (Dkt. 65.) Although Alasiri asked to toll the one-year limitation, he did not include an actual motion to attack his sentence under the statute. Accordingly, the Government moves for dismissal of Alasiri's request for equitable tolling without prejudice, based on lack of jurisdiction.

## II. LEGAL ARGUMENT

**Because Petitioner Has Failed to File a Motion for Relief under 28 U.S.C. § 2255, This Court Lacks Jurisdiction Over Petitioner's Instant Request for Equitable Tolling.**

Section 2255 provides that a "1-year period of limitation" applies and runs from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure provides that a defendant's notice of appeal must be filed within 14 days after the entry of the judgment. When a criminal defendant does not take a direct appeal, a judgment of conviction becomes final when the 14-day limitation for an appeal has been exhausted. <u>See</u> <u>United States v. Lafromboise</u>, 427

F.3d 680, 683 (9th Cir. 2005) (citing Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987)); Fed. R. App. P. 4(b)(1)(A). Alasiri did not file a notice of appeal. His conviction became final on April 11, 2022, 14 days after entry of judgment on March 28, 2022. Therefore, Alasiri had until April 11, 2023, to file for relief under § 2255. To date, defendant has not filed for said relief.

The Ninth Circuit has held that the statute of limitations contained in § 2255 is subject to equitable tolling. See United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004). For equitable tolling to apply, a defendant must prove that extraordinary circumstances beyond his control made it impossible to file a timely petition, and the extraordinary circumstances were the cause of the untimeliness. Id.

However, equitable tolling only applies when a defendant has filed a § 2255 petition after the applicable statute of limitations period has passed. United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) ("a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed"). "[T]he exercise of federal jurisdiction under the Constitution 'depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions.'" Id. (citing United States Nat'l Bank v. Independent Ins. Agents of Am., *Inc*., 508 U.S. 439, 446 (1993). This Court has held that it may not toll a statute of limitations with respect to claims not yet filed. Morales v. Warden, CV 13-01748-CJC, 2013 WL 1192343, *1 (C.D. Cal 2013).

Here, because Petitioner has not yet filed an actual § 2255 petition, there is no case or controversy and any opinion the Court renders on the timeliness issue would be merely advisory. If

Petitioner files a § 2255 petition, this Court may consider any concurrently filed petition for equitable tolling to determine whether his § 2255 motion is timely. However, until then, this Court lacks jurisdiction to consider the matter.

**III. CONCLUSION**

Because this Court lacks jurisdiction, this Court should dismiss Alasiri's request for equitable tolling without prejudice.

# Certificate of Service

I am a citizen of the United States and am employed in the County of Orange, California. I am over 18 years of age, and I am not a party to the above-entitled action. My business address is the United States Attorney's Office, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701.

I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service was made. On this date, September 11, 2023, I served a copy of the foregoing document, described as follows:

**GOVERNMENT'S RESPONSE AND MOTION TO DISMISS DEFENDANT'S PETITION FOR EQUITABLE TOLLING OF 28 U.S.C. § 2255(F)(1)**

in the following manner:

☐ by placing a true copy in a sealed envelope, addressed to the person(s) specified below, and placing it for interoffice delivery within the courthouse to:

☒ by placing the documents in a sealed envelope, bearing the requisite postage thereon, and placing it for mailing via the U.S. Postal Service addressed as follows:

**Ahmed Binyamin Alasiri (Reg. No. 29214-112)**
**The United States Penitentiary, Florence High**
**P.O. BOX 7000**
**Florence, CO 81226**
**(ATTN: LEGAL MAIL)**

☐ by e-mailing a pdf. version of the document(s) to the e-mail addresses specified as:

I declare under penalty of perjury that the foregoing is true and correct, executed on September 11, 2023, at Santa Ana, California.

/s/
JEAN KIM