**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**AHMED BINYAMIN ALASIRI, aka KEVIN LAMAR JAMES,**

**Defendant.**

**Case No.: SACR 20-00118-CJC**

**ORDER DENYING PETITION FOR LEAVE SEEKING AN ORDER AND DIRECTIVES GRANTING EQUITABLE TOLLING OF A POST-CONVICTION REMEDY [Dkt. 65]**

Ahmed Binyamin Alasiri is a federal prisoner proceeding *pro se*. On October 19, 2021, he pleaded guilty to Count Three of the First Superseding Indictment charging him with distributing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). (Dkt. 49.) On March 28, 2022, he was sentenced to 188 months of imprisonment to run concurrently with 24 months of imprisonment on a supervised release violation. (Dkt. 62.) The same day, March 28, 2022, the Court entered the

judgment and commitment. (Dkt. 63.) Mr. Alasiri did not file a notice of appeal. On June 26, 2023, Mr. Alasiri mailed the instant petition requesting equitable tolling of the one-year limitation for the filing of a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. 65.) Although Mr. Alasiri asked to toll the one-year limitation, he did not include an actual motion to attack his sentence under the statute.

Section 2255 provides that a "1-year period of limitation" applies and runs from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A judgment of conviction becomes final in cases like this one, when a criminal defendant does not take a direct appeal, when the 14–day limitation to file a notice of appeal has been exhausted. *See United States v. Lafromboise*, 427 F.3d 680, 683 (9th Cir. 2005) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)); Fed. R. App. P. 4(b)(1)(A). Since Mr. Alasiri did not file a notice of appeal, his conviction became final on April 11, 2022, 14 days after entry of judgment on March 28, 2022. Therefore, without accounting for any tolling that might apply, Mr. Alasiri had until April 11, 2023, to file for relief under § 2255. Mr. Alasiri has not yet moved the Court for any such relief.

The Ninth Circuit has held that the statute of limitations contained in § 2255 is subject to equitable tolling. *See United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). For equitable tolling to apply, a defendant must prove that extraordinary circumstances beyond his control made it impossible to file a timely petition, and the extraordinary circumstances were the cause of the untimeliness. *Id.* However, equitable tolling only applies *when a defendant has actually filed a § 2255 petition* after the applicable statute of limitations period has passed. *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) ("[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed[.]"). This is because "the exercise of federal jurisdiction under the Constitution 'depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions.'" *Id.* (citing

*United States Nat'l Bank v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993).

Because Mr. Alasiri has not yet filed a § 2255 petition, this Court does not have jurisdiction to consider his request for directives on the application of equitable tolling. Accordingly, Mr. Alasiri's petition is **DENIED WITHOUT PREJUDICE**. Mr. Alasiri may request equitable tolling of the limitations period when he files his petition.

DATED: December 13, 2023

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE