CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
MARGARET A. FARRAND (Bar No. 235295)
(E-Mail: Margaret_Farrand@fd.org
JONATHAN K. OGATA (Bar No. 325914)
(E-Mail: Jonathan_Ogata@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
AHMED BINYAMIN ALASIRI

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

AHMED BINYAMIN ALASIRI,

Defendant.

Case No. 8:20-cr-118-CJC-1

**STIPULATION TO REDUCE DEFENDANT'S SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821**

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff, United States of America, by and through the United States Attorney for the Central District of California and Assistant United States Attorneys Elisa Fernandez and Erik M. Silber, and Defendant Ahmed Binyamin Alasiri, by and through his attorneys of record, Deputy Federal Public Defenders, Jonathan K. Ogata and Margaret A. Farrand, that:

1. The United States Sentencing Commission (the "Commission") promulgated Amendment 821 ("Amendment 821" or the "Amendment") to the United States Sentencing Guidelines ("U.S.S.G."). The Amendment alters the application of the Guidelines with respect to certain offenders who, as relevant here, earned criminal history "status points" based on the commission of the instant offense while serving a

criminal justice sentence. U.S.S.G. Part A, Amend. 821. Amendment 821 became effective November 1, 2023.

2. Amendment 821 amends U.S.S.G. § 4A1.1 by (1) eliminating the two status points previously assigned to individuals who "committed the instant offense while under any criminal justice sentence" if they have 6 or fewer criminal history points, and (2) for such individuals who have 7 or more criminal history points, decreasing the prior two-point status point enhancement to one point. U.S.S.G. Part A, Amend. 821.

3. On August 31, 2023, the Commission amended U.S.S.G. § 1B1.10 to reflect the retroactive application of Amendment 821 as related to criminal history.

4. Title 18, United States Code, Section 3582(c)(2) permits a court to reduce an individual's term of imprisonment if that term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). In considering a motion under § 3582(c)(2), the court must follow a two-step inquiry. *United States v. Dillon*, 560 U.S. 817, 826 (2010). First, the court must determine whether and to what extent the Sentencing Commission's policy statements in U.S.S.G. § 1B1.10 authorize a reduction. Absent a government motion for substantial assistance in a case, the court cannot sentence below the low-end of the new Guideline range authorized by the reduction. *Dillon*, 560 U.S. at 827 ("Courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution.") (citation and internal quotation marks omitted); *United States v. D.M.*, 869 F.3d 1133, 1138 (9th Cir. 2017) (noting "prohibition against reducing a sentence below the minimum of the amended guideline range") (citation and internal quotation marks omitted). Here, U.S.S.G. § 1B1.10 authorizes reductions based on Amendment 821, which applies retroactively, and Defendant does not seek a sentence below the low-end of the new Guideline range. Second, if a defendant is eligible for a reduction, the Court must

consider "whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.*

5. The Defendant, the United States, and the Probation Office are in agreement that:

a. On March 28, 2022, the Court sentenced Defendant to 188 months in custody.

b. Defendant's total original offense level was determined to be 33, his criminal history category was determined to be IV (based on eight criminal history points, two of which were status points), resulting in a guideline range of 188-235 months. His sentence of 188 months constituted the low end of that Guideline range.

c. Pursuant to Amendment 821, Defendant qualifies for a sentence reduction under the status-point modification.

d. Defendant's new criminal history category, under Amendment 821, is III (based on six criminal history points).

e. This results in a new guideline range of 168-210 months.

6. Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, Defendant seeks a modified sentence of 168 months. Just as the original sentence constituted the low end of the original Guideline range, the requested modified sentence constitutes the low end of the modified Guideline range.

7. The United States Probation Office has advised that it agrees that: (a) Defendant is eligible for a sentence reduction; (b) the new Guideline range set forth in paragraph 5(e) is correct; and (c) the factors set forth in 18 U.S.C. § 3553(a) support this modified sentence.

8. The United States does not oppose the sentence.

9. Defendant, having conferred with his counsel, consents to the modified sentence of 168 months.

For all these reasons, the parties hereby stipulate that the Court enter an order modifying Defendant's sentence to 168 months in custody.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: May 28, 2024 By *_/s/ Jonathan K. Ogata_*
MARGARET A. FARRAND
JONATHAN K. OGATA
Deputy Federal Public Defenders
Attorney for AHMED BINYAMIN ALASIRI

E. MARTIN ESTRADA
United States Attorney

DATED: May 28, 2024 By *_/s/ Elisa Fernandez_*
ELISA FERNANDEZ
ERIK M. SILBER
Assistant United States Attorneys