IN THE UNITED STATES DISTRICT COURT

FILED
CLERK, U.S. DISTRICT COURT
MAY 27 2026
CENTRAL DISTRICT OF CALIFORNIA
BY KD DEPUTY

CENTRAL DISTRICT OF CALIFORNIA

United States of America, (

Plaintiff, (

(

V. ( Case#:0973 8:20cr00118(a)-1-DOC

Ahmed Binyamin Al-Asiri, (

Defendant. (

---

MOTION FOR COMPASSIONATE RELEASE OR REDUCTION IN SENTENCE

PURSUANT TO 18 U.S.C. §3582(C)(1)(A)(i)

Comes Now, Ahmed Binyamin Al-Asiri, Pro Se Defendant, respectfully moves this Honorable Court pursuant to 18 U.S.C. §3582(C)(1)(A)(i) as amended by §603(b)(1) of the First Step Act of 2018, Pub L 115-391, Title VI 132 Stat. 5194, 5239 (Dec. 21 2018) for an order for Compassionate Release or a Reduction in Sentence because he presents 'extraordinary and compelling reasons' for Compassionate Release or a Reduction in Sentence due to length of time served with an unusually long sentence (over a decade), changes in the law resulting in sentencing disparity, harsh prisons conditions, rehabilitation and 3553(a) factors at this time.

ADMINISTRATIVE REMEDIES

Defendant has exhausted his administrative remedies. The Defendant submitted a C.R./R.I.S. request to the Warden at FCI Safford, AZ. The Warden denied the Defendant's request for a C.R./R.I.S. or failed to respond to the Defendant's request (see exhibit 1). The text of 18 U.S.C. §3582(C)(1)(A) provides that a Defendant may file a motion on his behalf 30 days after the Warden receives his request, regardless of whether the Defendant has exhausted his administrative remedies. See U.S. v. Watson, 2022 U.S. Dist. Lexis 35301, at *5-6, 2022 WL 597456 (E.D. Mich Feb 28, 2022). "The Sixth Circuit has never required issue exhaustion in compassionate release context and it is not mandated in any plain terms of the statute." See U.S. v Sherrod, 2021 U.S. Dist. Lexis 147643 at *4 (E.D. Mich Aug 6 2021)(quoting U.S. v Williams, 473

F. Supp 3d 772, 775 (E.D. Mich 2020)). Indeed, "the Supreme Court has cautioned courts against imposing issue exhaustion requirements, especially, where there is no adversarial administrative procedding." See U.S. c Ferguson 536 F. Supp 3d 139, 142 (E.D. Mich 2021)(citing Sims v Apfel 530 U.S. 103, 109101 (2000)).

APPOINT COUNSEL

The Defendant respectfully moves this Honorable Court to appoint the Federal Public Defenders Office to represent him in the case at bar. The Federal Public Defender will be able to obtain a complete copy of the Defendant's records from the Federal Bureau of Prisons, as well as other allied records which support this motion. A court may appoint counsel in a C.R./R.I.S. See U.S. v Offord, 2020 U.S. Dist Lexis 177286, at *3-4 2020 WL 5748091 (C.D. ILL Sept 25 2020)(appointed counsel to file a brief in support of a §3582(C)(1)(A) Motion). See U.S. v Glynn, 2022 U.S. Dis. Lexis 32794 at *2, 2022 WL 562652 (S.D. N.Y. Feb 24 2022)(court appointed counsel under the Criminal Justice Act to supplement Defendant's Motion). See U.S. v Hogg 629 F. Supp 3d 728, 730 (E.D. Mich 2022)("The decision to appoint counsel is within the discretion of the court and courts should appoint counsel when the interests of justice or due process so require.") See Jones v U.S. 2021 U.S. Dist. Lexis 178369 at *1, 2021 WL 4264763 (E.D. Mich Sep 20, 2021).

OVERVIEW

This court may reduce a sentence to time served to 18 U.S.C. §3582(C)(1)(A) by applying the application of 18 U.S.C. §3553(a). The §3553(a) factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the Defendant," (2) "the need for the sentence imposed to reflect the seriousness of the offense," (3) "the kinds of sentences available," (4) "the kinds of sentence available and the sentencing range established for the offense at the time of the sentencing," (5) "any pertinent policy statement in effect at the time of the Defendant's sentencing," (6) "the need to avoid unwarranted sentencing disparities among Defendants with similar records who have been found guilty of similar conduct," (7) "the need to provide restitution to any victims of the offense." Id. §3553(a)(1)-(7). The Defendant addresses these factors in the section entitled "18 U.S.C. §3553(a)

factors." The factors applicable to the determination of what circumstances can constitute an 'extraordinary and compelling' reason for release from prison are complex and not easily summarized. See U.S. v Hargrove 30 F. 4th 189, 197 (4th Cir 2022). "In deciding a motion for a C.R./R.I.S., the district court is confined to the evidence presented." See U.S. v Bethea, 54 F. 4th 826, 833 N.2 (4th Cir 2022). In U.S. v Puzey 2023 U.S. App Lexis 9174 at *2-3 WL 1985127 (4th Cir 2023) the court stated "when deciding a Defendant's sentence based on 'extraordinary and compelling' circumstances under §3582(C)(1)(A)(i) a district court generally proceeds in three steps. See U.S. v High 997 F. 3d 181, 185-86 (4th Cir 2021). First, the district court decides whether 'extraordinary and compelling' circumstances in fact support a C.R./R.I.S. 18 U.S.C. §3582(C)(1)(A)(i). Second, the district court considers whether granting a C.R./R.I.S. "is consistent with applicable policy statements issued by the U.S.S.C." 18 U.S.C. §3582(C)(1)(A). Because the Sentencing Commission's policy statement applicable to Defendant filed motions for C.R./R.I.S. has yet to take affect, the district court is "empowered to consider any 'extraordinary and compelling' reasons for a C.R./R.I.S. that a Defendant might rise." See U.S. v McCoy 961 F.3d 271, 284 (4th Cir 2020). If the Defendant passes the first two steps the district court then considers the third step whether the §3553(a) factors, to the extent that they are applicable, favor a C.R./R.I.S. 18 U.S.C. §3582(C)(1)(A).

Federal criminal sentencing is inherently retrospective, but many of the goals of sentencing - rehabilitation, just punishment, deterrence - implicate prospective concerns. A C.R./R.I.S. gives the court the opportunity to take a second look at sentences to account for unusual and changed circumstances. As the Sentencing Commission has noted, "the court is in a unique position to determine whether the circumstances warrant a reduction." See U.S.S.G. § 1B1.13 & cnt. (NN.1, 4); U.S.S.G. § Amedment 799 (Nov. 1 2016). At sentencing this court considered the nature and the circumstances of Defendant's conviction, as well as his role in the offense and his criminal history, among other things. See 18 U.S.C. §3553(a), Federal Sentencing Guidelines Manual. The court relied on guidance reflecting societies then-current understanding of the criminal culpability and punishment. What the court could not

confidently measure at the time of sentencing was the Defendant's capacity for change. See Shan Hopwood's, Second Looks and Second Chances 41 Cardozo L. Rev. 83, 85, 2019. Professor Hopwood himself is a convicted bank robber who served a lengthy prison sentence. Hopwood later graduated from a Law School, a clerk for the D.C. Circuit and became a member of the Bar of the Supreme Court.

Individuals who commit serious crimes are not beyond rehabilitation. The availability of a second chance through compassionate release can incentivize individuals serving seemingly hopeless sentences to rehabilitate themselves in ways they might not otherwise have never attempted.

A congress legislates to account for changed views on punishment, many individuals are left serving federal sentences far longer than society deems necessary for the same conduct today. The Defendant is one of those individuals serving a sentence far longer than society deems necessary.

Everyone has a gift and something to offer society, people can change and incarcerated persons who do not pose a danger to public safety, and have paid their debt to society, deserve to have a chance to rejoin their families and community and become contributing members of society. Examples about individuals who despite being incarcerated have managed to grow from whatever mistakes they made, overcome obstacles and use their unique experiences and gifts to benefit society.

Backend sentence reforms, like the First Step Act, will allow this Honorable Court to account for a convicted person's efforts at rehabilitation while determining whether a sentence reduction is warranted, this not only serves public policy, but is a moral imperative.

Our criminal justice system evolves in response to changes in how we, as a society, perceive criminal acts and the appropriate penalties for them. Like the system, the individual penalized has evolved and matured. The importance of giving those individuals meaningful second chances cannot be overlooked. When ruling on a C.R./R.I.S. Motion, "the court must consider every prisoner individually and should be cautious about making blanket pronouncements." See U.S. v Terry, 2021 U.S. Dist. Lexis 175946, at *19, 2921 WL 4336053 (E.D. Tex Sep 15 2021).

In U.S. v Hargrove, 30 F.4th 189, 197 (4th Cir 2022) the court stated, "When congress authorized district courts as a matter of discretion, to release an inmate from prison based on 'extraordinary and compelling' reasons, it did so to introduce compassion as a factor in assessing ongoing terms of imprisonment, authorizing a district court to give greater weight to an inmates personal circumstances - when sufficiently extraordinary and compelling - than to society's interests in the Defendant's continued incarceration and the finality of judgements."

Extraordinary and compelling should be considered from the real, predicted world of crime and criminals, prisons and prosecutions, citizens, victims, judges seeking justice for all and not only form a hyper technical approach. The terms 'extraordinary and compelling' should be applied in their ordinary meaning, and within that application, there is room for substantial difference of opinion, of which this court must be the final arbiter.

EXTRAORDINARY AND COMPELLING REASONS WARRANTING A C.R./R.I.S

The Defendant asserts that recent changes to the 2024 Sentencing Guidelines broadened the criteria for §3582 Motions for non-medical issues, which provide a pathway to relief based on a beneficial change in the law. See U.S.v McCall, NO 21-34 (6th Cir 2022). The First, Ninth and Tenth Circuits have held that non-retroactive legal developments can contribute to a finding of "extraordinary and compelling reasons" when viewed in combination with a Defendant's unique circumstances. See McGee, 992 F.3d at 1048, 1098 (9th Cir 2022); U.S. v Ruvalacba 26 F. 4th 14, 28 (1st Cir 2022).

The Fourth Circuit position goes a step further. It held that non-retroactive statutory change coupled with the disparity between the sentence the Defendant received and the sentence a Defendant would receive today may satisfy the 'extraordinary and compelling reasons' standard on its own. See U.S. v McCoy 901 F.3d 271, 285 (4th Cir 2020).

Furthermore, while different around the edges, all three of these decisions seem to rest on the common goals 'alleviating unfair and unnecessary sentence

disparities as judged by today's sentencing laws... and of promoting individualized case-by-case sentencing decisions.' See Javis 999 F.3d at 445, quoting McGee 992 F.3d at 1047, citing McCoy 981 F.3d at 185-86.

The Defendant asserts that the guidelines treatment of high purity methamphetamine compared to methamphetamine mixtures employs a 10:1 ratio. See U.S.S.G. section 2D1.1(c) regarding this ratio, it has been widely criticized as "based on a flawed premise...that drug purity is a proxy for culpability." See U.S. v Nawanna 321 F. Supp 3d 943, 945 (N.D. Iowa May 1, 2018). The reason in part for this original disparity was U.S.S.G. section 2D1 application note 27(c) which states: "The purity of the controlled substance...may be relevant in the sentencing process because it is probative of the Defendant's role or position in the chain of distribution. Since controlled substances are often diluted and combined with other substances as they pass down the chain of distribution, the fact that the Defendant is in possession of unusually pure narcotic may indicate a prominent role in the criminal enterprise and proximity to the source of the drugs." That assumption is now a fallacy as methamphetamine per-gram purity levels averages above 90%, while prices remained low and stable (DEA 2017 National Drug Threat Assessment). In support the Bureau of Justice Statistics and the Sentencing Commission did release a detailed study and the DEA released reports that support this motion on disparity and that there is **NO** connection between methampetamine purity and culpability. Clearly Contradicting the draconian methamphetamine guidelines.

Furthermore, New Sentencing Guidelines published by the U.S.S.C. for 2025 recalibrated the drug quantity table under §2D1.1(a)(5) to lower the guideline reliance on the drug quantity and type as a measure of offense level culpability. The goal of these amendments was to ensure that large quantities do not push low level participants into disproportionately high sentencing ranges. The special instructions under 2D1.1(e)(2) direct that a mitigating role adjustment is "generally warranted in drug trafficking offense where the Defendant's primary function was a low level trafficking role, such as acting as a lookout, serving as a courier, running errands, sending or receiving drug related messages,

distributing only user level quantities or distributing with little or no profit or due to coercion, intimidation or familial obligations." The special instructions further clarifies this presumption applies even if the number of participants in the over-all conspiracy is small or if the Defendant is not less culpable than most of his co-conspirators, and that it may be applied regardless of whether the mitigating role adjustment is made through direct application of ¶3B1.2 or through the special instructions. Courts must still make an individualized assessment, but the guidance is intended to promote more consistent application of the mitigating role reductions." The Defendant fits 5 of these descriptions and his sentencing Judge referred to over 25 mitigating circumstances. The aforementioned changes in the sentencing guidelines create a disparity if he were to be sentenced today.

REHABILITATION

The Defendant is very remorseful about his past conduct and actions; he is truly and deeply sorry about his shameful conduct and apologizes to the court, to the community, and to his family whom he brought disgrace to. The Defendant seeks the opportunity to prove to society he is a changed man, and this can only be accomplished if the court shows mercy and reduces his sentence. While confined the Defendant has taken advantage of of every rehabilitation program which has been made available to him. (See Exhibit 2) Furthermore, the court is permitted to consider a Defendant's conduct in custody which "provides the most up-to-date picture of history and characteristics." See Pepper v U.S. 562 U.S. 476, 492 2011. The Defendant's improved conduct and positive approach of his period of his incarceration demonstrates that he has specifically been deterred from future criminal conduct. He has utilized his time trying to better himself educationally, vocationally, emotionally and spiritually. Those are four important components of the many necessary to live a crime-free life. He understands that his past conduct caused him to be locked up and away from his family and loved ones for a substantial period of time.

In the legislative history to the Sentencing reform Act expressly identified a context in which sentence reduction authority is needed. See S. REP. NO 98-225, at 55 1983. "The Committee believes that there may be unusual cases in which the eventual

reduction in the length of a term of imprisonment is justified by changed circumstances. These would include cases that justify a reduction of an unusually long sentence and some cases in which the sentencing guidelines for the offense of which the Defendant was convicted have later been amended to prove a shorter term of imprisonment is sufficient." Further, under 28 U.S.C. §994(t) and §1B1.13 rehabilitation of the Defendant while incarcerated may be considered in combination with other circumstances in determining whether extraordinary and compelling reasons warrant a sentence reduction. See U.S.S.C. Compassionate Release Data Report Dec, 2022, tbls 10, 12 & 14 (Showing that courts have frequently considered rehabilitation in connection with other factors when granting sentence reduction motions: U.S.S.G. §1B1.13(d).

The Defendant's spouse has now relocated to Arkansas, where the Defendant plans to work in the Correctional Industry to prevent youth incarceration and care for his spouse who suffers from manic bi-polar depression. The Defendant has great support from his spouse and step-children in Arkansas as well as his older brother who continues to reside in Los Angeles, California.

HARSH PRISON CONDITION

The Defendant asserts that the restrictive measures or "Lock-Downs" that he has encountered since his incarceration at all points have rendered that time spent harsher and more punitive than would have otherwise been the case. See. U.S. v Rodriguez 492 F.Supp 3d. 306, 311 (S.D.N.Y. Sept 30, 2022). The Defendant reports that the conditions of his confinement have always been extreme and harsh. The Defendant was placed into solitary confinement for over a year while he awaited an ADX hearing. This isoaltion not only causes trauma, but also being confined to a cell alone the Defendant had limited showers, limited phone calls with family, and no access to programming of any kind, there were extended periods with NO recreation, living with rodents and cockroaches all constitute more punishment than envisioned by the courts at sentencing. Inmates are at the mercy of the "BOP" while they are incarcerated. See U.S. v Newell 2021 U.S. Dist. Lexis 143059, *5 (M.D.N.C. July 30, 2021). After being

released from over a year in isolation, the Defendant was placed inappropriately at U.S.P. Florence, Colorado, where the Defendant feared for his life due to the murders and stabbings that occur there regularly. The Defendant has developed severe anxiety and depression from the over 18 months of these additionally harsh prison conditions. Clearly the Defendants harsh prison conditions have been severely more punitive than the court imposed at sentencing.

Due to the Defendant's prior conviction, that the Defendant has completed his term of incarceration for, the Defendant has had to fight every step of the way for FSA program inclusion, even though his "current" offense qualifies him for it. The Defendant has camp custody points and low level recidivism he has consistently served time at a facility with a higher security rating than he should be allowed. He has yet to be allowed to participate in the RDAP program and is thus deprived of 365 days off his sentence, the Defendant stated that due to economic stress he had developed a drug habit and this led to his current offense. It is clear that the old Probation Report, from the previous case, was used and not updated with current information. This lead to the BOP excluding the Defendant from RDAP programming despite being currently incarcerated for a drug related crime, stating that the Defendant had no recorded history of drug abuse in his Pre-Sentencing Report.

CONCLUSION

The Defendant's sentence should be reduced to time served and this Compassionate Release motion should be immediately granted. The Defendant presents extraordinary and compelling reasons in support of this C.R./R.I.S. motion as envisioned by the passage of The First Step Act and the amendments made to the Sentencing Guidelines by the U.S.S.C. Granting a reduction today to time served will not undermine the goals of sentencing under 18 U.S.C. 3553 (a) and is consistent with policy statements. As the Defendant poses no danger to society this disparity in sentencing should be remedied with his immediate release. In the interest of Justice this Honorable Court should conclude that it is unnecessarily punitive to keep the Defendant imprisoned any longer and he respectfully moves this

court to reduce his sentence to time served at this time.

Ahmed Binyamin Al-Asiri Pro Se

Reg # 29214-112

FCI SAFFORD

PO Box 9000

SAFFORD, AZ 85548

Exibit #1

To: Warden of F.C.I. Safford, Arizona

Inmate request for Compassionate Release Ahmed Al-Asiri 29214-112 4/24/26
F.C.I. Safford, Arizona

New sentencing commission's 2025 instructions now address the huge sentencing disparity existing in my present and current offense and had i been sentenced today. i would receive a much lower sentence. The amendments recalibrated the drug quantity table under §2D1.1 (a) (5) to lower the guidelines reliance on the drug type and quantity as a measure of offense level culpabilty. The goal of these amendments were to ensure that large drug quantities do not automatically push low level participants into disproportionately high sentencing ranges. The special instructions under 2D1.1(e) (2) direct that a mitigating role adjustment is

**"generally warranted in drug trafficking offense where the defendants primary function was a low level trafficking role, such as acting as a look out, serving as a courier, running errands, sending or receiving drug related messages, distributing only user level quantities or distributing with little or no profit or due to coercion, intimidation or familial obligations."**

**The special instructions further clarifies this presumption applies even if the number of participants in the over-all conspiracy is small or if the defendant is not less culpable than most of his co-conspirators, and that it may be applied regardless of whether the mitigating role adjustment is made through direct application of §3B1.2 or through the special instruction. Courts must still make an individualized assessment, but the guidance is intended to promote more consistent application of the mitigating role reductions."**

In my case factors, under great financial strain, I was paid $200 to purchase meth. on three separate occasions. The total amount of meth. in all three counts was four pounds. I plead to conspiracy to distribute meth. in count #1. In this count only 1 pound was purchased from a drug dealer with funds provided by the federal under cover agent who had been sharing a residence with my family and I. Had the "amount and quantity" of the drugs on all three counts (by way of relevant conduct) not been the measure for my 188 months sentence, i would have received no more than the mandatory minimum in my case.

My sentence was reduced due to the sentencing commissions changes in the awarding of two status points to new offenses that occurred while the inmate was on probation or parole, yet the new 168 month sentence remains disproportionately high to someone in the same situation. The drug dealer (who was never indicted or arrested in my case) and I made little to nothing from this transaction. I was paid $200 form the undercover agent per. purchase (a total of $600 for three purchases) while the dealer made approximately $3500 per sale. It is evident that the purchase was made as a favor to the agent who shared my residence and had expressed to me of having money problems as i was.

If a compassionate release is granted to me i will continue to pursue my work to reduce the recidivism rate of people returning home from long prison sentences. Before this conviction and while on probation i worked managing halfway homes in the Los Angeles area. I will also have the added responsibility of providing for my step-daughter and wife who suffers from severe bi-polar, manic depression and anxiety.

EXHIBIT 2

(2020 Fall)
-Manipulative Skills beg./art
-Intro. to Keyboarding I

(2021 Spring)
-Intro. to Windows
-Attitudes for Success
-Manipulative Skills Group II
-MS Spreadsheet/Excel
-MS Word
-Employability Skills

(2021 Summer)
-Intro. To Keyboarding II
-Intro. To MS Power Point

(2021 Fall)
-Intro. To MS Publishing
-Adult Basic education Writing Skills
-Intro. to MS Access
-Intro. to MS Outlook
-Intro. to Adobe Photo Shop

(5/27/2021)
-General Office Clerk Cert. Complete

(12/31/2021)
-Secretary/Administrative Assistant Complete

(2024)
-Business Card Design Certification Complete
-Blue Planet Certification Complete

(2025)
-Crocheting Certification Complete
-Paradise Valley College for Small Business (16 credit hours complete)
-N.C.C.E.R./C.O.R.E. Construction Site Safety Orientation Complete
-N.C.C.E.R. Carpentry Certification Complete
-Money Smart for Older Adults
-Dialectrical Behavioral Therapy Certification Complete
-Mindfulness Based Cognitive Therapy Certification Complete

(2026)
-Trauma in Life (Resolve Program)
-East Arizona University VT Business (18 Credit Hours)
-Eastern Arizona University VT Retail (18 Credit Hours)
-Serve Safe Food Handlers Managerial Certification Complete
-A.C.E. Health Certification Complete
-A.C.E. Civil War Certification Complete
-A.C.E. Credit Repair Certification Complete

(March 2026 - Current)
-Employed as Law Library Clerk

SANTA ANA COLLEGE
SCHOOL OF CONTINUING EDUCATION
RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

# Certificate of Achievement

RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

This is to certify that

Al Asiri Ahmed

*Has completed a course of instruction in*

**Computer Applications**

All Instruction Provided in English only.

## Introduction to MS Access

Quiroz, L
Instructor

October 22, 2021
Date

SANTA ANA COLLEGE
SCHOOL OF CONTINUING EDUCATION
RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

# Certificate of Achievement

RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

This is to certify that

*Ahmed AlAsiri*

*Has completed a course of instruction in*

## Computer Applications

All Instruction Provided in English only.

## MS Publisher

*Quiroz, L* — Instructor

*September 17, 2021* — Date

SANTA ANA COLLEGE
SCHOOL OF CONTINUING EDUCATION
RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

# Certificate of Achievement

RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

This is to certify that

Ahmed Al Asiri

*Has completed a course of instruction in*

## Computer Applications

All Instruction Provided in English only.

# MS PowerPoint 2016

Quiroz, L
Instructor

August 13, 2021
Date

SANTA ANA COLLEGE
SCHOOL OF CONTINUING EDUCATION
RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

# Certificate of Achievement

RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

This is to certify that

Ahmed Al Asiri

*Has completed a course of instruction in*

## Computer Applications

All Instruction Provided in English only.

## MS Word 2016

Quiroz, L.
Instructor

April 9, 2021
Date

SANTA ANA COLLEGE
SCHOOL OF CONTINUING EDUCATION
RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

# Certificate of Achievement

RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

This is to certify that

Ahmed Alasiri

*Has completed a course of instruction in*

## Computer Applications

All Instruction Provided in English only.

# MS Excel 2016

Quiroz, L
Instructor

March 5 2021
Date

SANTA ANA COLLEGE
SCHOOL OF CONTINUING EDUCATION
RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

# Certificate of Participation

This is to certify that

**Ahmed Alasiri**

Has completed: 32 classes

**Attitude for Success~CHOICES**

| | | |
|---|---|---|
| Patricia Coyle | October 20,2021 | Joseph Alonzo |
| Instructor | Date | Associate Dean of Instruction and Student Services |

SANTA ANA COLLEGE
SCHOOL OF CONTINUING EDUCATION
RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

# Certificate of Completion

RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

This is to certify that

Ahmed Alasiri

*Has successfully completed*

**Attitude for Success ~ Goals & Affrimations**

Patricia Coyle
Instructor

October 18th, 2021
Date

SANTA ANA COLLEGE
SCHOOL OF CONTINUING EDUCATION
RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

# Certificate of Participation

**This is to certify that**

*Ahmed Alasiri*

**Has completed 24 classes**

## Attitude for Success~CHOICES

| Patricia Coyle | August 9,2021 | Joseph Alonzo |
|---|---|---|
| Instructor | Date | Associate Dean of Instruction and Student Services |

SANTA ANA COLLEGE
SCHOOL OF CONTINUING EDUCATION
RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

# Certificate of Participation

Ahmed Alasiri

Has completed
The requirements for

**Attitude for Success ~ Goal Outcomes**

| | | |
|---|---|---|
| Patricia Coyle | August 2,2021 | Joseph Alonzo |
| Instructor | Date | Associate Dean of Instruction and Student Services |

SANTA ANA COLLEGE
SCHOOL OF CONTINUING EDUCATION
RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

# Certificate of Achievement

RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

This is to certify that

Ahmed Al Asiri

*Has completed a course of instruction in*

## Computer Applications

All Instruction Provided in English only.

## Employability Skills

Quiroz, L
Instructor

May 21, 2021
Date

SANTA ANA COLLEGE
SCHOOL OF CONTINUING EDUCATION
RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

# Certificate of Participation

This is to certify that

**Ahmed Al Siri**

Has completed 16 classes

**Attitude for Success~CHOICES**

| | | |
|---|---|---|
| Patricia Coyle | May 12,2021 | Stephanie Paramore |
| Instructor | Date | Associate Dean of Instruction and Student Services |

SANTA ANA COLLEGE
SCHOOL OF CONTINUING EDUCATION
RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

# Certificate of Participation

**Ahmed Alasiri**

Has completed
The requirements for

***Attitude for Success ~ Goal Setting***

| Patricia Coyle | May 5, 2021 | Stephanie Paramore |
|---|---|---|
| Instructor | Date | Associate Dean of Instruction |

SANTA ANA COLLEGE
SCHOOL OF CONTINUING EDUCATION
RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

# Certificate of Participation

This is to certify that

Ahmed Al ASiri

Has completed 8 classes

**Attitude for Success~CHOICES**

Patricia Coyle
Instructor

March 8,2021
Date

Stephanie Paramore
Associate Dean of Instruction and Student Services

SANTA ANA COLLEGE
SCHOOL OF CONTINUING EDUCATION
RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

# Certificate of Participation

Ahmed Al Asiri

Has completed
The requirements for

**Attitude for Success~Lessons from Racing**

| | | |
|---|---|---|
| Patricia Coyle | March 8, 2021 | Stephanie Paramore |
| Instructor | Date | Associate Dean of Instruction and Student Services |

# CERTIFICATE OF COMPLETION

THIS CERTIFICATE IS AWARDED TO

**ALASIRI, AHMED 29214-112**

In recognition of successfully completing the leisure course,

*Card Design*

Sponsored by the FCI Phoenix Recreation Department, in accordance with Federal Bureau of Prisons policy.

Dates of Course:

December 8th, 2024, through December 29, 2024

J. Delay

J. Delay, Sports Specialist

Federal Correctional Institution
Phoenix, Arizona

# CERTIFICATE OF COMPLETION

THIS CERTIFIES THAT

## Ahmed Alasiri

Has successfully completed

## Blue Planet

Given this 16th day of December, 2024

A. Phillips

A. Phillips, Teacher

NCCER

# National Center for Construction Education and Research

NCCER's Board of Trustees confers upon

## Ahmed Alasiri

the achievement of

## Construction Site Safety Orientation

through NCCER's National Credentialing and Certification Program
on the Fifteenth day of January, in the year 2025

*Boyd D. Worsham*
*CEO and President, NCCER*

NCCER

# National Center for Construction Education and Research

NCCER's Board of Trustees confers upon

## Ahmed Alasiri

the achievement of

## Core

through NCCER's National Credentialing and Certification Program
on the Fifteenth day of January, in the year 2025

*Boyd D. Worsham*
*CEO and President, NCCER*

National Center for Construction Education & Research
Est. 1996
CONSTRUCTION CAREER EXCELLENCE
NCCER

**Federal Correctional Institution**

**Phoenix, Arizona**

# CERTIFICATE OF ACHIEVEMENT

THIS CERTIFIES THAT

Alasiri 29214-112

Has successfully completed the NCCER CORE Class (85 hours) on January 10th 2025.

C. Mesko
Vocational Instructor

NCCER "CORE"

10-16-2024 through 1-10-2025

GPA 92.1 %

Certificate awarded to Ahmed Alasiri

VT Mesko

Vocational Training Teacher

certificates

*Federal Correctional Institution*
*Phoenix, Arizona*

# Certificate of Completion

*presented to*

Ahmed Alasiri

*who has successfully completed the following psychology group*

**Dialectical Behavior Therapy**

*March 27, 2025*

T. Diaz, M.A., Psychology Practicum Student

# Certificate of Completion

THIS ACKNOWLEDGES THAT

ALASIRI, AHMED

HAS SUCCESSFULLY COMPLETED MONEY SMART FOR OLDER ADULTS AT FCI PHOENIX

[signature]
SPECIAL POPULATIONS
PROGRAM COORDINATOR

DEPARTMENT OF JUSTICE · FEDERAL BUREAU OF PRISONS

3/17/25
DATE

**Federal Correctional Institution**

**Phoenix, Arizona**

# CERTIFICATE OF ACHIEVEMENT

THIS CERTIFIES THAT

# Alasiri

Has successfully completed the NCCER Carpentry Class (175 hours) on April 16th, 2025.

VT Mesko
Vocational Instructor

NCCER

# National Center for Construction Education and Research

NCCER's Board of Trustees confers upon

## Ahmed Alasiri

the achievement of

## Carpentry Level One: Fundamentals

through NCCER's National Credentialing and Certification Program
on the Seventh day of April, in the year 2025

*Boyd D. Worsham*
*CEO and President, NCCER*

National Center for Construction Education & Research
EST. 1996
CONSTRUCTION CAREER EXCELLENCE
NCCER

# CERTIFICATE OF COMPLETION

THIS CERTIFICATE IS AWARDED TO

**ALASIRI, AHMED 29214-112**

In recognition of successfully completing the leisure course,

*CROCHET*

Sponsored by the FCI Phoenix Recreation Department, in accordance with Federal Bureau of Prisons policy.

Dates of Course:

April 6, 2025, through April 27, 2025

DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS QUI PRO DOMINA JUSTITIA SEQUITUR

J. Delay

J. Delay, Sports Specialist

*Federal Correctional Institution*
*Phoenix, AZ*

DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS

# Certificate of Completion

*presented to*

## AHMED ALASIRI

*who has successfully completed the following Psychology Workshop:*

***Mindfulness-Based Cognitive Therapy***

*June 4, 2025*

T. Diaz, M.A., Psychology Practicum Student

# Certificate of Completion

**Presented to:**

## ALASIRI, AHMED

**REG#29214-112**

**For Completion of the**

## TRAUMA IN LIFE WORKSHOP

**FCI SAFFORD**
**April 2, 2026**

T. Peterson, Psy.D., Resolve Program Coordinator

# Eastern Arizona College

## CERTIFICATE OF PROFICIENCY

THE DISTRICT GOVERNING BOARD OF THE GRAHAM COUNTY COMMUNITY COLLEGE DISTRICT
HEREBY CONFERS UPON

**AHMED ALASIRI**

THIS CERTIFICATE OF PROFICIENCY IN

**GENERAL BUSINESS**

INDICATING THAT THE STUDENT HAS SATISFACTORILY COMPLETED THE COMPETENCIES FOR THIS PROGRAM, WITH ALL THE RIGHTS, PRIVILEGES AND HONORS THEREUNTO PERTAINING. GIVEN AT EASTERN ARIZONA COLLEGE THIS 13TH DAY OF MARCH, 2026.

EASTERN ARIZONA COLLEGE · FOUNDED EA 1888 · THATCHER, ARIZONA

Susan A. Wood
VICE PRESIDENT OF ACADEMIC AND STUDENT AFFAIRS

RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT
SANTA ANA COLLEGE/SCHOOL OF CONTINUING EDUCATION
CENTENNIAL EDUCATION CENTER

# Certificate of Completion

## General Office Clerk

RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

Presented to

Ahmed Al Asiri

*has completed the following career preparation courses:*

Vocational Business 124-Intro to Keyboarding I
Vocational Business 118-Introduction to Windows 10
Vocational Business 258-Navigating the Internet
Vocational Business 260-Introduction Word Processing/MS Word
Vocational Business 262-Introduction to Spreadsheets/MS Excel

Quiroz, L
Career Education Adjunct Professor

June 11, 2021
Date

SANTA ANA COLLEGE
SCHOOL OF CONTINUING EDUCATION
RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

# Certificate of Achievement

RANCHO SANTIAGO COMMUNITY COLLEGE DISTRICT

This is to certify that

Ahmed Al Asiri

*Has completed a course of instruction in*

## Computer Applications

All Instruction Provided in English only.

## Introduction to MS Outlook

Quiroz, L.
Instructor

November 19 2021
Date

AHMED AL ASIRI # 29214-112
F.C.I. SAFFORD
P.O. BOX 9000
SAFFORD, AZ. 85548

C.P.

RECEIVED
CLERK, U.S. DISTRICT COURT
MAY 27 2026
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION BY DEPUTY

United States Superior Court
C/O Court Clerk
[redacted]
Central District of California
411 West Fourth Street, Suite 7110
Santa Ana, Calif. 92701-4598

(Legal Mail)