BILAL A. ESSAYLI
United States Attorney
JENNIFER L. WAIER
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER BRUNWIN (Cal. Bar No. 158939)
Assistant United States Attorney
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-4242
Facsimile: (213) 894-3713
E-mail: Christopher.brunwin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>AHMED BINYAMIN ALASIRI,<br>Aka Kevin Lamar James,<br><br>Defendant/Petitioner. | No. CR 20-118-DOC<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE OR TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A); DECLARATION OF CHRISTOPHER BRUNWIN; EXHIBITS 1-3 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Christopher Brunwin, hereby files its Opposition to defendant's motion for compassionate release or a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

This Opposition is based upon the attached memorandum of points and authorities; the declaration of Christopher Brunwin; the exhibits

attached thereto; the files and records in this case; and such further evidence and argument as the Court may permit.

Dated: June 30, 2026,

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

JENNIFER L. WAIER
Assistant United States Attorney
Chief, Criminal Division

/s/*Christopher Brunwin*
CHRISTOPHER BRUNWIN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

In July and August 2020, defendant sold methamphetamine to an undercover employee of the Federal Bureau of Investigation three times. The total weight of methamphetamine was approximately four pounds of pure drug. *See* Plea Agreement (CR 46). In 2007, defendant had been convicted of Conspiracy to Levy War against the United States and was on supervised release from that conviction when he sold the methamphetamine in 2020. *See United States v. Kevin James, et al.*, SA CR 05-214-CJC. On October 21, 2021, defendant pleaded guilty to distribution of methamphetamine, in violation of Title 21 of the United States Code Section 841(a)(1) and 841(b)(1)(A), and, on March 28, 2022, the Court sentenced him to 188 months in prison and a 5-year period of supervised release. Judgment and Commitment Order (CR 63). The district court also sentenced him to 24 months in prison for violating the terms of his supervised release from the 2005 conviction. See Judgment and Commitment Order, *United States v. Kevin James, et al.*, SA CR 05-214-CJC (CR 368).

On May 29, 2024, the district court reduced his sentence to 168 months in prison, based on the changes to the Sentencing Guidelines for the consideration of "status points" for defendants who commit offenses while on supervised release. Order Regarding Motion for Sentence Reduction (CR 93). Defendant is serving the 168-month sentence at Safford FCI. His projected release date is July 26, 2032.

On May 27, 2026, defendant filed a second motion for compassionate release under 18 U.S.C. § 3582(c)(1). CR 2045. His

current motion fails, because he has not shown "extraordinary and compelling reasons" for a sentence reduction. Defendant's motion argues only that the offense level for pure methamphetamine is too high, that he has been subject to "restrictive measures" while in custody. He also says that he is remorseful and "deeply sorry" for his crimes. Those are not "extraordinary and compelling reasons," and they do not justify release under section 3582(c). See U.S.S.G. 1B1.13(b) (defining "extraordinary and compelling reasons"). Moreover, this defendant has not established that the 18 U.S.C. § 3553(a) factors weigh in favor of his release, and his history reflects that he is still a danger to the community, since he has been undeterred by felony convictions and decades-long prison sentences. Hence, his motion should be denied.

**II. STATEMENT OF FACTS**

**A. Defendant's Current Sentence**

On March 14, 2022, the government filed its sentencing position. CR 95. The government's position reviewed the facts and circumstances of the sentencing and described the facts of the defendant's offense conduct. Sentencing Position at 1-2 (CR 95). The government agreed with the offense calculations in the PSR and with the PSR's Criminal History Category calculation. Sentencing Position at 2. With an offense level of 33 and a Criminal History Category of IV, the Guidelines range was identified as 188 to 235 months' imprisonment. *Id.* at 6.

On March 28, 2022, the district court imposed a term of 188 months on Count 3 of the First Superseding Indictment and a concurrent sentence of 24-months' incarceration for the violation of

the terms of supervised release in Case Number SA CR 05-214-CJC. Judgment and Commitment Order (CR 63).

On May 28, 2024, the parties submitted a stipulation to reduce defendant's sentence pursuant to Section 35829(c)(2) of Title 18 of the United States Code based on Amendment 821 of the Sentencing Guidelines, which changed the application of criminal history "status points" for defendants who committed a criminal offense "while under any criminal justice sentence." Stipulation to Reduce Defendant's Sentence (CR 91). On May 29, 2024, the district court reduce defendant's term of incarceration of 188 months to 168 months in prison. Order Regarding Motion for Sentence Reduction (CR 93).

**B. Defendant's Incarceration Records**

Defendant is currently incarcerated at Safford FCI, a high-security federal prison. According to BOP records, defendant's projected release is July 26, 2032. As of June 3, 2026, he had served approximately 41.3%, or approximately 5 years, 9 months and 14 days, of his sentence. Decl. ¶ 2, Exh. 1 (Sentence Monitoring Computation Data). Defendant's security classification is currently identified as "Low." Exh. 2.

**C. Defendant's Exhaustion of Administrative Remedies**

The United States Bureau of Prisons has advised that defendant did make a request to exhaust his request administratively. Exh. 3.

**III. LEGAL FRAMWEORK FOR COMPASIONATE RELEASE**

A compassionate release motion is a request for a permanent reduction in a defendant's federal sentence. A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Freeman v. United States, 564 U.S.

522, 526 (2011) (plurality opinion); Dillon v. United States, 560 U.S. 817, 824-25 (2010); United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021). Compassionate release is one of the "few narrow exceptions," Freeman, 564 U.S. at 526, allowing a court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment," 18 U.S.C. § 3582(c)(1)(A); Aruda, 993 F.3d at 799-800.

As this relief is drastic and permanent, it is subject to strict statutory conditions, each of which must be met for relief: (1) Defendant must exhaust administrative remedies; (2) "extraordinary and compelling reasons" warrant a sentencing reduction; (3) a sentence reduction is "consistent with applicable policy statements issues by the U.S. Sentencing Commission"; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); see United States v. Chen, 48 F.4th 1092, 1094-95 (9th Cir. 2022).

"Although a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step." United States v. Keller, 2 F.4th 1278, 1284 (9th Cir. 2021) (emphasis retained). Defendant bears the burden to establish each element of relief. See United States v. Greenhut, No. 18-CR-48-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998)); United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) ("defendant, as the § 3582(c)(2) movant, bears the burden of establishing" eligibility).

The applicable policy statement issued by the Sentencing Commission is set forth in USSG § 1B1.13, which was updated on November 1, 2023. In USSG § 1B1.13(b) the Commission defines the extraordinary and compelling reasons, or combination of reasons, that must exist to support a motion for compassionate release. Pertinent here, § 1B1.13(d) provides that "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." USSG § 1B1.13(d).

Moreover, notwithstanding defendant's satisfaction of any other elements, to find a defendant eligible for relief, a court must find as well that defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(a)(2).

## IV. THE COURT SHOULD DENY DEFENDANT'S MOTION

Defendant's motion should be denied, because (1) he has not presented an extraordinary and compelling reason for release; (2) he is a danger to the community under 18 U.S.C. § 3142(g); and (3) the 18 U.S.C. § 3553(a) factors weigh against release.

### A. Defendant's Has Not Provided Extraordinary and Compelling Reasons for Release

Defendant argues, first, that "the guidelines treatment of high purity methamphetamine compared to methamphetamine mixtures employes a 10:1 ratio" and that this ratio has been criticized as based on a "flawed premise" for culpability. Motion at 6. There is no assertion, however, that the drug quantity tables under Section 2D1.1

have changed for the quantity of methamphetamine sold by this defendant or that his base offense level is not as stipulated to by the parties in the plea agreement and used by the district court to determine the appropriate sentence in his case. *See* Plea Agreement (CR 46). Hence, this criticism does not identify any "extraordinary and compelling reason for release" and is not support for his motion.

His next argument is that he is "very remorseful" and even "deeply sorry" about his offense conduct. This also does not qualify as an "extraordinary and compelling reason." Efforts at rehabilitation in prison, even where meritorious, do not qualify for the extraordinary and permanent relief defendant seeks. The basis is actually barred as a matter of law by USSG § 1B1.13(d) and 28 U.S.C. § 994(t). *See* USSG § 1B1.13(d)("rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."); *United States v. Rios*, __ F.4th __, 2025 WL 841862, at *2 (2d Cir. Mar. 18, 2025) (affirming denial of compassionate release motion as barred by § 1B.13(d) where defendant relied on educational programs in prison); *United States v. Blanco*, __ F.4th __, No. 24-13380, 2025 WL 670430, at * 3 (11th Cir. Mar. 3, 2025) (holding "as a matter of law" that a defendant's "efforts furthering his education, improving himself, and being a 'model inmate'" do not provide extraordinary and compelling reasons for compassionate release); *see also United States v. Peoples*, 41 F4th 837, 841-42 (7th Cir. 2022) (holding that 28 U.S.C. § 994 (t) "tells us in no uncertain terms that Congress has determined rehabilitation alone does not warrant early release" and explaining that a "contrary

conclusion would undermine the determinate sentencing scheme Congress established with the Sentencing Reform Act of 1984”).

Defendant does not assert any other basis under § 1B1.13(b). *See* USSG § 1B1.13(b) (1)-(6). He describes “harsh prison condition[s],” such as “restrictive measures or ‘Lock-Downs’ that he has encountered” (Motion at 8), but he does not claim to be either a victim of sexual abuse or physical abuse resulting in “serious bodily injury.” USSG 1B1.3(b)(4). Hence, his motion, again, does not describe any “extraordinary and compelling reasons” described under Section 3582(c).

His motion, therefore, fails.

**B. Defendant’s Continuing Danger Makes Him Ineligible For Compassionate Release**

Under the Amended Guidelines, a defendant must also demonstrate that he is “not a danger to the safety of any other person or to the community.” Amended U.S.S.G. § 1B1.13(a)(2). This defendant cannot make that showing, and he is therefore ineligible for a reduced sentence.

Specifically, this Court may not reduce a defendant’s sentence unless it finds that “the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).” Id.; see also United States v. Gotti, 433 F. Supp. 3d 613, 619-20 (S.D.N.Y. 2020) (release was inappropriate regardless of extraordinary and compelling circumstances because defendant posed a continuing danger to the public); United States v. Urso, 03-CR-1382(NGG), 2019 WL 5423431, at *3 (E.D.N.Y. Oct. 23, 2019) (same); United States v. Applewhite, 6:08-CR-60037-MC, 2020 WL 137452, at *2

(D. Or. Jan. 13, 2020) (denying release for seriously ill 80-year-old inmate based on danger).

As described in the government's sentencing position, this defendant has a long criminal history that has not been deterred by his prior convictions or even by very significant prison sentences, including prior, decades-long sentences from this district court. The pre-sentence report and the government set forth that defendant was incarcerated continuously from 1996 to 2019 and committed offenses in prison that added to the custodial time of his original sentence. While in custody for robbery, he was also convicted of possession of a deadly weapon by a prisoner. Government's Sentencing Position at 3 (CR 53); *citing*, PSR ¶¶ 52-53. While in state custody, this defendant founded an organization and recruited other inmates to levy war against the United States. See Attachment A to the Plea Agreement, *United States v. Kevin James, et al.*, SA CR 05-214-CJC (CR 259). Defendant's conduct also compelled his transfer to the "Supermax" facility in Florence, Colorado. PSR ¶ 54; see also, Exh. 2. Upon his release from custody, this defendant very soon began to commit more crimes, including multiple sales of pound-quantities of methamphetamine. In short, there is nothing in this defendant's history to support the conclusion that he could be deterred from committing serious crimes and would be anything other than a danger to the community, if released from custody.

His motion must, therefore, fail.

**C. The 18 U.S.C. § 3553(a) Factors Do Not Support Release**

Defendant's motion must also fail because the 18 U.S.C. § 3553(a) factors do not support his request for premature and

permanent release. Any compassionate-release decision — even for a statutorily eligible defendant — must also consider the factors under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). A court should deny a sentence reduction if the defendant does not establish that the balance of the applicable § 3553(a) factors weigh in favor of release. See United States v. Keller, 2 F.4th 1278 (9th Cir. 2021); United States v. Ruffin, 978 F.3d 1000, 1005 (6th Cir. 2020).

Here, the § 3553(a) factors — which the district court considered when imposing defendant's sentence — do not support defendant's request for premature, permanent release. Indeed, the 3553(a) factors support the original sentence and weigh heavily against premature release. See, e.g., United States v. Morgan, 2022 WL 260870 at *1 (9th Cir. Jan. 27, 2022) (finding that it was not error for district court to deny a motion for compassionate release "solely on the basis of § 3553(a) factors"). "[T]he nature and circumstances of the offense," and the need to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," all weigh against defendant's motion for release. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A). This defendant has committed serious offenses, including multiple federal felony offenses that resulted in sentences of 14 and 16 years' incarceration. A sentence reduction or release would be in conflict with the severity of the instant offense as well as the criminal history and prior offenses of this defendant.

Requiring defendant to complete his sentence also serves to avoid unwarranted sentencing disparities among similarly situated defendants who have committed similar conduct. 18 U.S.C. §

3553(a)(6); Gall v. United States, 552 U.S. 38, 54 (2007)(noting that the Sentencing Guidelines exist to ensure national uniformity in sentencing, and "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges.")

As of June 3, 2026, defendant had served approximately 41.3% of his 168-month sentence, or approximately 5 years, 9 months and 14 days. (Decl. ¶ 2.) His history reflects that he has previously spent time in custody plotting and conspiring to commit more crimes. Upon release from custody and on the heels of a 16-year federal prison sentence, he immediately engaged in very dangerous, pound-quantity methamphetamine sales. Thus, compassionate release in this case would undermine the 18 U.S.C. § 3553(a) factors, resulting in an effective sentence far below the applicable Guideline range. The law and the specific facts of this case do not support that result.

## V. CONCLUSION

As set forth herein, defendant's motion should be denied.

**DECLARATION OF CHRISTOPHER BRUNWIN**

I, Christopher Brunwin, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the United States in this case. I make this declaration in support of the Government's Response to Defendant's Motion for Compassionate Release or to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A).

2. Attached as **Exhibit 1** is a true and correct copy of the Sentence Monitoring Computation Data, dated 6/3/26 and provided by the Bureau of Prisons. Attached hereto as **Exhibit 2** is a true and correct copy of the Inmate History Level provided by the Bureau of Prisons. Attached as **Exhibit 3** is the Attempt at Informal Resolution, dated 4/15/26, provided by the Bureau of Prisons.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief and that this declaration is executed at Los Angeles, California, on June 30, 2026.

/s/ *Christopher Brunwin*
CHRISTOPHER BRUNWIN