TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER BRUNWIN (Cal. Bar No. 158939)
Assistant United States Attorney
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-4242
Facsimile: (213) 894-3713
E-mail: Christopher.Brunwin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>AHMED BINYAMIN ALASIRI,<br>Aka Kevin Lamar James,<br><br>Defendant/Petitioner. | No. CR 20-118-DOC<br><br><u>ORDER DENYING DEFENDANT'S MOTION TO DISMISS MOTION TO REDUCE SENTENCE PURSUANT TO SECTION 3582(c)(1)(A) [95]</u> |

The Court having read and considered the defendant's second Motion for Compassionate Release, submitted on or about May 27, 2026 (CR 95), the government's Opposition brief and exhibits, submitted on June 30, 2026 (CR 97), the Supplemental Motion (CR 99), and Reply (CR 101), the Court hereby DENIES defendant's second Motion for Compassionate Release, because the Court finds: (1) the defendant has not identified an extraordinary and compelling reason for release, as required by Section 3582(c); (2) defendant still presents a danger to the community; and (3) the factors identified under Title 18, United

States Code, Section 3553(a) weigh against release for this defendant.

At the outset, a district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Freeman v. United States, 564 U.S. 522, 526 (2011) (plurality opinion); Dillon v. United States, 560 U.S. 817, 824-25 (2010); United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021). Compassionate release is one of the "few narrow exceptions," Freeman, 564 U.S. at 526, allowing a court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment," 18 U.S.C. § 3582(c)(1)(A); Aruda, 993 F.3d at 799-800.

Because this relief is drastic and permanent, it is subject to strict statutory conditions, each of which must be met for relief:
(1) Defendant must exhaust administrative remedies;
(2) "extraordinary and compelling reasons" must warrant a sentencing reduction; (3) a sentence reduction must be "consistent with applicable policy statements issues by the U.S. Sentencing Commission"; and (4) the district court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); see United States v. Chen, 48 F.4th 1092, 1094-95 (9th Cir. 2022).

"Although a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step." United States v. Keller, 2 F.4th 1278, 1284 (9th Cir. 2021) (emphasis retained). Defendant bears the burden to establish each element of relief. See United States v. Greenhut, No. 18-CR-48-CAS, 2020 WL

509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998)); United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) ("defendant, as the § 3582(c)(2) movant, bears the burden of establishing" eligibility).

The applicable policy statement issued by the Sentencing Commission is set forth in USSG § 1B1.13, which was updated on November 1, 2023. In USSG § 1B1.13(b) the Commission defines the extraordinary and compelling reasons, or combination of reasons, that must exist to support a motion for compassionate release. Pertinent here, § 1B1.13(d) provides that "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." USSG § 1B1.13(d).

Moreover, notwithstanding defendant's satisfaction of any other element, to find a defendant eligible for relief, a court must find as well that defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(a)(2).

The instant Motion does not meet these requirements.

In the first instance, defendant has not identified any "extraordinary and compelling reasons" to support his Motion. His argument about the treatment of methamphetamine under the guidelines does not do that. Further, his description of his own remorse, even if true, is not a basis, and, in fact, it is actually barred by USSG § 1B1.13(d) and 28 U.S.C. § 994(t). *See* USSG § 1B1.13(d)("rehabilitation of the defendant is not, by itself, an

extraordinary and compelling reason for purposes of this policy statement."); *United States v. Rios*, __ F.4th __, 2025 WL 841862, at *2 (2d Cir. Mar. 18, 2025) (affirming denial of compassionate release motion as barred by § 1B.13(d) where defendant relied on educational programs in prison); *United States v. Blanco*, __ F.4th __, No. 24-13380, 2025 WL 670430, at * 3 (11th Cir. Mar. 3, 2025) (holding "as a matter of law" that a defendant's "efforts furthering his education, improving himself, and being a 'model inmate'" do not provide extraordinary and compelling reasons for compassionate release); *see also United States v. Peoples*, 41 F4th 837, 841-42 (7th Cir. 2022) (holding that 28 U.S.C. § 994 (t) "tells us in no uncertain terms that Congress has determined rehabilitation alone does not warrant early release" and explaining that a "contrary conclusion would undermine the determinate sentencing scheme Congress established with the Sentencing Reform Act of 1984"). Defendant's description of "harsh prison condition[s]" and "Lock-Downs," also, do not identify "extraordinary and compelling reasons" described under Section 3582(c) or U.S.S.G. 1B1.13(b). The Motion, thus, does not meet the first element.

Next, this Court may not reduce a defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Id.; see also United States v. Gotti, 433 F. Supp. 3d 613, 619-20 (S.D.N.Y. 2020) (release was inappropriate regardless of extraordinary and compelling circumstances because defendant posed a continuing danger to the public); United States v. Urso, 03-CR-1382(NGG), 2019 WL 5423431, at *3 (E.D.N.Y. Oct. 23, 2019) (same); United States v. Applewhite, 6:08-CR-60037-MC, 2020 WL 137452, at *2

(D. Or. Jan. 13, 2020) (denying release for seriously ill 80-year-old inmate based on danger). This factor, also, does not favor the Motion, because this defendant has a long and dangerous criminal history that has not been deterred by his prior convictions or even by very significant prison sentences, including prior, decades-long sentences from this district court. The defendant was incarcerated continuously from 1996 to 2019 and, even then, committed offenses in prison that added to his custodial time sentence. While in custody for robbery, he was also convicted of possession of a deadly weapon by a prisoner. Government's Sentencing Position at 3 (CR 53); *citing*, PSR ¶¶ 52-53. While in state custody, this defendant founded an organization and recruited other inmates to levy war against the United States. See Attachment A to the Plea Agreement, *United States v. Kevin James, et al.*, SA CR 05-214-CJC (CR 259). Defendant's conduct also compelled his transfer to the "Supermax" facility in Florence, Colorado. PSR ¶ 54; see also, Exh. 2. Upon his release from custody, this defendant very soon began to commit more crimes, including multiple sales of pound-quantities of methamphetamine. Hence, this Court concludes that this defendant remains a danger to the community.

Finally, the Court must deny the Motion, because the balance of factors under 18 U.S.C. § 3553(a) also do not weigh in favor of release. See United States v. Keller, 2 F.4th 1278 (9th Cir. 2021); United States v. Ruffin, 978 F.3d 1000, 1005 (6th Cir. 2020).

Here, the § 3553(a) factors — which the district court considered when imposing defendant's sentence — do not support defendant's request for premature, permanent release. Indeed, the 3553(a) factors support the original sentence and weigh heavily

against premature release. See, e.g., United States v. Morgan, 2022 WL 260870 at *1 (9th Cir. Jan. 27, 2022) (finding that it was not error for district court to deny a motion for compassionate release "solely on the basis of § 3553(a) factors"). "[T]he nature and circumstances of the offense," and the need to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," all weigh against defendant's motion for release. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A). This defendant has committed serious offenses, including multiple federal felony offenses that resulted in sentences of 14 and 16 years' incarceration. A sentence reduction or release would also conflict with the severity of the instant offense as well as the criminal history and prior offenses of this defendant.

Requiring defendant to complete his sentence also serves to avoid unwarranted sentencing disparities among similarly situated defendants who have committed similar conduct. 18 U.S.C. § 3553(a)(6); Gall v. United States, 552 U.S. 38, 54 (2007)(noting that the Sentencing Guidelines exist to ensure national uniformity in sentencing, and "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges.")

As of June 3, 2026, defendant had served approximately 41.3% of his 168-month sentence, or approximately 5 years, 9 months and 14 days. (Decl. ¶ 2.) His history reflects that he has previously spent time in custody plotting and conspiring to commit more crimes. Upon release from custody and on the heels of a 16-year federal prison sentence, he immediately engaged in very dangerous, pound-quantity methamphetamine sales. Thus, compassionate release in this case

would undermine the 18 U.S.C. § 3553(a) factors, resulting in an effective sentence far below the applicable Guideline range. The law and the specific facts of this case do not support that result. The Court therefore DENIES the Motion on this basis as well.

IT IS SO ORDERED.

August 17, 2026
DATE

David O. Carter
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/Christopher Brunwin*
CHRISTOPHER BRUNWIN
Assistant United States Attorney

**cc: Ahmed Binyamin Alasiri**
**REG. NO. 29214-112**
**FCI SAFFORD**
**P.O. BOX 9000**
**SAFFORD, AZ 85548**